COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-287-CV

 

 

IN THE MATTER OF J.W.                                                                      

                                                                                                        

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In September 2002, Appellant
J.W. was adjudicated delinquent on three counts of aggravated sexual assault of
a child.  The trial court sentenced him
to ten years= confinement
in the Texas Youth Commission (TYC), subject to a possible transfer to the
Institutional Division of the Texas Department of Criminal Justice
(IDTDCJ).  In August 2005, pursuant to
TYC=s request, the trial court conducted a transfer hearing and
transferred Appellant from TYC to IDTDCJ. 
Appellant appeals from the transfer order.








In one point, Appellant
contends that the trial court=s admission of exhibits containing TYC records and a summary report
thereof violated his rights to confrontation and due process.  Despite the fact that Appellant established
at trial that the witness through whom the State=s exhibits were introduced had no personal knowledge of the
information contained therein, and despite Appellant=s comment in his brief on appeal that the witness=s testimony was hearsay, Appellant did not object at trial to the
witness=s testimony.  Although Appellant
does not explain on appeal which specific items of evidence in the exhibits
were both testimonial and harmful, our review of the unchallenged testimony
shows that while at TYC, Appellant

$                  
maintained the next to the lowest phaseCPhase
OneCin
correctional therapy, which indicated to TYC personnel that he was neither
trying nor motivated to complete the resocialization program;

 

$                  
had approximately 369 documented incidents of
misconduct or referrals from the time he arrived at TYC until the day of the
hearing, ranging from failing to follow instructions to assaulting staff;

 

$                  
was confined in the security unit 75 times;

 

$                  
was discharged unsuccessfully from the sex
offender program; and

 

$                  
was warned on several occasions that he could be transferred
to IDTDCJ if he continued to engage in noncompliant behavior.

 








The testimony also indicated that TYC officials
recommended that Appellant be transferred to IDTDCJ for the remainder of his
sentence.  This evidence supports the trial
court=s determination to transfer Appellant to IDTDCJ.[2]    To preserve error in the admission of evidence,
a party must make a proper objection and get a ruling on that objection and
must then object each time the inadmissible evidence is offered or obtain a
running objection.[3]  Error in the admission of evidence is cured
when the same evidence comes in elsewhere without objection.[4]  Because Appellant did not object to the
testimony, he has failed to preserve error in the admission of the
exhibits.  Consequently, we overrule
Appellant=s sole point
and affirm the trial court=s order.

 

PER CURIAM

PANEL F:    DAUPHINOT, GARDNER,
and WALKER, JJ.

DELIVERED: 
April 20, 2006











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Fam. Code Ann. ' 54.11(k) (Vernon Supp. 2005).





[3]Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim.
App. 2003); see also Tex. R. App.
P. 33.1(a)(1).





[4]Valle, 109 S.W.3d at 509.